UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HENRY WYRICK, | No. 2:20-cv-0740 AC P |
| Petitioner, | |
| v. | ORDER and |
| JASON PICKETT, Warden,[1] | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee of $5.00. See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, because it appears that the petition should be dismissed without leave to amend, the court will not require additional filings from petitioner. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, Jason Pickett, Acting Warden of High Desert State Prison (HDSP), is substituted as respondent herein.

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 4 provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Habeas Rule 4, Advisory Committee Notes (1976 Adoption) (citation omitted).

In the instant case, petitioner challenges his September 11, 2015 conviction for violations of California Penal Code § 288.7 (sexual intercourse, sodomy, oral copulation or penetration of a child 10 years of age of younger), and § 288(a) (lewd or lascivious acts upon a child under 14 years of age). ECF No. 1 at 1. He states that he was sentenced to prison for a period of 150 years. Id. Petitioner presents the following putative claims: (1) "The jury did not take in the fact that the witness was known for telling lies on other [illegible] an was witnesses that told she said some one els did this to her both victims said some one els did It." (2) "There was a member of the jury that was falling asleep during trail they did not put on second." (3) "Jury member was removed." (4) "Didn't get to have lesser carges to be sentenced for." ECF No. 1 at 6, 8, 9, 11.

Petitioner recounts that he appealed to the California Court of Appeal, Third Appellate District, which affirmed his convictions on January 18, 2017. Id. at 3. Throughout the petition, petitioner states that he did not seek further review by a higher court because he "never understood how to do so." Id. at 6; see also id. at 7-8.

Before presenting a federal constitutional claim to a federal habeas court, a petitioner must exhaust his available state court remedies, usually concluding with a decision from the California Supreme Court. See 28 U.S.C. § 2254(b). Until recently, district courts routinely dismissed petitions that were wholly unexhausted at the time of filing. See Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). However, the federal Court of Appeals has clarified that an unexhausted petition may, under limited circumstances, be stayed pending exhaustion. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The requirements for a stay are those set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005). Petitioner must show that "'[1] petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are

1 potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally
2 dilatory litigation tactics.'" Mena, 813 F.3d at 910 (quoting Rhines, 544 U.S. at 278).  Ignorance
3 of legal requirements or procedures does not constitute good cause.  See Blake v. Baker, 745 F.3d
4 977, 981 (9th Cir. 2014) (interpreting Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)).
5 In light of these standards and petitioner's representations, the court finds that inviting a motion
6 for stay ad abeyance would be futile.

Petitioner also acknowledges that the instant petition was filed more than one year after his conviction became final, explaining "didn't know I had a one year time limit." Id. at 14. Federal habeas petitions are subject to a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).  In the instant case, more than three years have passed since petitioner's convictions became final, without any indication that petitioner was subject to a qualifying impediment or exception to this rule.  See 28 U.S.C. § 2244(d)(1)(A)-(D).  Therefore, even had petitioner exhausted his claims in the state's highest court before filing the instant petition, the petition would nevertheless be subject to dismissal because untimely filed.  Ignorance of the timeliness rule does not excuse untimeliness, as a matter of law.[2]

For these reasons, the undersigned will recommend the dismissal of this action without leave to amend.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to (1) substitute HDSP Warden Jason Pickett as the respondent in this case, see n.1, supra; and (2) randomly assign a district judge to this case.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

---

[2] The statute of limitations may be equitably tolled if a petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010).  Failing to pursue available remedies is inconsistent with reasonable diligence, and ignorance of the law does not constitute an extraordinary circumstance.  Accordingly, ignorance of the statute of limitations cannot support equitable tolling.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE